UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antwan Robinson, #200075<br>a/k/a Markei Antwan Robinson,<br>a/k/a Antiwan Robinson,<br><br>        Plaintiff,<br><br>vs.<br><br>Ms. Jean Rutledge, HCA; Ms. Victoria Bugolun, LPN;<br>Ms. Wilhelmina Golden, LT; Ms. Susan Duffy, CAPT;<br>Mr. Steven Reck, FSC; Ms. Kirk, FSD; Mr. Vernon<br>Miller, CAPT; LT. Tamara Conwell; Nurse Alice<br>Young, LPN; Mr. Olson, FSD; Nurse Deborah Murrell,<br>LPN,<br><br>        Defendants. | C/A No. 8:10-1023-DCN-BHH<br><br>REPORT AND RECOMMENDATION<br>for summary dismissal of<br>defendants Kirk, Miller,<br>Conwell, and Olson |

Introduction

The plaintiff, Antwan Robinson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name SCDC employees as defendants.[2] Plaintiff alleges that the defendants have violated his

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

constitutional rights related to his medical needs[3] and food service needs. Liberally construed, Plaintiff seeks money damages and injunctive relief. The defendants Ms. Kirk, FSD, Mr. Vernon Miller, CAPT, LT. Tamara Conwell, and Mr. Olson, FSD, should be dismissed without prejudice and without service of process for failure to state a claim on which relief may be granted.

<u>Pro Se Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under §

---

[3] Plaintiff brings suit against several defendants for deliberate indifference to his serious medical needs. Those claims and facts are not discussed herein.

1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that he is a prisoner housed in the special management unit ("SMU") at Perry Correctional Institution. The claims against defendants Conwell and Miller relate to an incident on March 21, 2010, at about 5:15 p.m., where Plaintiff was served a food tray with spoiled beans. The facts alleged against Conwell and Miller are as follows. When Plaintiff reported that the beans were spoiled, defendant Conwell came to Plaintiff's cell and stated that she did not make the tray but that she would call the kitchen. When Plaintiff asked for an alternative food than the beans, Conwell promised that she would bring "whatever cake or bread they had left." Allegedly, Conwell did not return that evening. The next day Plaintiff learned that he had been placed on "alternative meal service" which is known as nutraloaf or nutriloaf. Allegedly, Plaintiff was given a written form showing the order that he be placed on "alternative meal service," and Plaintiff alleges that defendant Golden had forged Capt. V. Miller's name and the nurse signature.

As to defendants Olson and Kirk, Plaintiff alleges that they work at SCDC in the food preparation and service department. Plaintiff alleges that he has been writing letters to them since December of 2009 to complain about the food service in the Perry SMU. Plaintiff alleges that defendant Olson has made promises that the food service will improve but things remain the same. On April 16, 2010, defendants Olson and Kirk came to the Perry SMU, but they did not go to the Z-wing where Plaintiff was housed. Instead, they went to the X-wing and Y-wing. Plaintiff appears to bring suit because he "wanted to address his recent food service concerns with Mr. Olson, FSD and Ms. Kirk, FSD, but was unable to do so."

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liberally construing Plaintiff's complaint against defendants Conwell, Miller, Olson, and Kirk, he does not allege that those defendants violated his constitutional rights nor does he allege that those defendants violated a law of the United States. Moreover, the complaint does not allege facts that would show either of these violations. Thus, because the first element of a 42 U.S.C. § 1983 claim is lacking, this complaint fails to state a claim against Conwell, Miller, Olson, and Kirk.

There is no constitutional right for a prisoner to have an opportunity to meet with and complain to prison staff about the food. The right secured by the Eighth Amendment to be free from cruel and unusual punishment does not encompass Plaintiff's desire for a meeting. Also, the right to be provided sanitary and nutritional food does not encompass Plaintiff's ability to meet with prison staff to discuss the food. Moreover, Plaintiff does not have the constitutional right to participate in prison grievance proceedings, so, therefore, he does not have the constitutional right to meet with staff to have his complaints resolved.

*See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451 (D.S.C. Oct. 15, 2009) (noting that the First Amendment right to petition the government for a redress of grievances does not include a prisoner's right to file a grievance within the prison system). Therefore, defendants Olson and Kirk's failure to come to Z-wing to meet with Plaintiff to discuss food service fails to state a § 1983 claim on which relief may be granted.

Defendant Miller is not alleged to have committed any misconduct or to have acted at all. Instead, Plaintiff alleges that defendant Golden committed misconduct by forging Capt. Miller's name on the order to give Plaintiff the "alternative meal service." Certainly, based on these alleged facts, defendant Miller should be summarily dismissed from this action.

Lastly, defendant Conwell's alleged misconduct of making a promise on March 21, 2010, at the evening meal, to Plaintiff to bring cake or bread to replace the spoiled beans, but then failing to meet her promise does not allege a constitutional violation. In fact, there is no allegation that Conwell was responsible to ensure that Plaintiff received a nutritious meal. The allegations seem to suggest that Conwell was going to try to help Plaintiff and do him a favor by looking for extra food to bring to him but then for some unknown reason she did not return. Even if Plaintiff's complaint could be construed to allege that Conwell was responsible for and failed to provide him with adequate food, the lack of food for a short period of time which causes no injury does not rise to the level of a constitutional violation. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("[a] filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months"); *Talib v. Gilley*, 138 F.3d 211, 213 n.3 (5th Cir. 1998) (finding that missing fifty

meals over a five-month period was "hardly more than that missed by many working citizens over the same time period" and noting that the plaintiff had not alleged a "continuous and substantial denial of food").

Recommendation

Accordingly, it is recommended that the District Court dismiss defendants Ms. Kirk, FSD, Mr. Vernon Miller, CAPT, LT. Tamara Conwell, and Mr. Olson, FSD, from this action *without prejudice* and without issuance and service of process.[4] *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

May 13, 2010
Greenville, South Carolina

---

[4] Contemporaneously with this report and recommendation, service of process is authorized upon defendants Jean Rutledge, Victoria Bugolun, Wilhelmina Golden, Susan Duffy, Steven Reck, Alice Young, and Deborah Murrell.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).