UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antwan Robinson, #200075<br>a/k/a Markei Antwan Robinson,<br>a/k/a Antiwan Robinson,<br><br>                    Plaintiff,<br><br>vs.<br><br>Ms. Jean Rutledge, HCA; Ms. Victoria Bugolun, LPN;<br>Ms. Wilhelmina Golden, LT; Ms. Susan Duffy, CAPT;<br>Mr. Steven Reck, FSC; Ms. Kirk, FSD; Mr. Vernon<br>Miller, CAPT; LT. Tamara Conwell; Nurse Allison "Alice"<br>Young, LPN; Mr. Olson, FSD; Nurse Deborah Murrell,<br>LPN; and Ms. Amy Enloe, Nurse Practitioner,<br><br>                    Defendants. | C/A No. 8:10-1023-DCN-BHH<br><br>ORDER |

      This matter is before the court on two motions filed by the plaintiff. On June 1, 2010, the plaintiff filed a "Motion Rule 15(d) Supplemental Pleadings & Joinder." (Docket Entry # 20) On June 3, 2010, the plaintiff filed a "Motion Rule 15(c) Amending "Relate Back" Party Amendment." (Docket Entry # 23)

      On May 13, 2010, this court entered an order to authorize service of process upon defendants Jean Rutledge, Victoria Bugolun, Wilhelmina Golden, Susan Duffy, Steven Reck, Alice Young, and Deborah Murrell, and the Clerk of Court sent service packages to the United States Marshal to implement service of process of the original complaint upon those seven defendants.[1] (Docket Entry # 9) As of the date this order is filed, it does *not* appear that service of process of the original complaint upon those seven defendants has been accomplished.

**<u>MOTION TO SUPPLEMENT PLEADINGS</u>**:

      In the plaintiff's motion contained at Docket Entry # 20, he sets forth additional factual allegations which have happened since the date of the original pleading. This

---

[1] On May 13, 2010, this court recommended that defendants Kirk, Vernon Miller, Tamara Conwell, and Olson, be dismissed without prejudice and without service of process. (Docket Entry # 12) On June 7, 2010, this district court dismissed defendants Kirk, Vernon Miller, Tamara Conwell, and Olson from this action without prejudice and without issuance and service of process. (Docket Entry # 26)

1

motion does *not* purport to add party defendants to this action.  Because a plaintiff may amend his pleading **once as a matter of course without the court's permission** within certain time limits pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Clerk of Court will be directed to file the plaintiff's June 1, 2010, document (Docket Entry # 20) as the Amended Complaint as a matter of course.  Thus, the motion to supplement pleadings (Docket Entry # 20) is hereby **granted**.

### MOTION TO AMEND RULE 15(C) RELATE BACK:

In the plaintiff's motion contained at Docket Entry # 23, he seeks to correct the defendant Alice Young's name so that she is correctly named as Allison "Alice" Young.  Also, the plaintiff seeks to add a party defendant "Ms. Amy Enloe, Nurse Practitioner" because she was allegedly personally involved with the factual allegations related to his claim of deliberate indifference to his serious medical needs.  Federal Rule of Civil Procedure Rule 15(a) allows a party to amend the party's pleading with the court's leave (after an amended complaint has been filed as a matter of course).  Rule 15(a) provides that leave should be freely given when justice so requires.  Because it appears that a responsive pleading has not yet been served in this case and it is in the interest of justice to add a defendant allegedly involved with the medical care allegations, the plaintiff's motion to amend (Docket Entry #23) is hereby **granted** and that complaint will be known as the Second Amended Complaint.  <u>To preserve issues raised in this case and give liberal construction to the pleadings, the Complaint will be incorporated into the Amended Complaint and with the Second Amended Complaint.</u>

### TO THE CLERK OF COURT:

In order to preserve issues raised in this case and give liberal construction to the pleadings, the Clerk of Court is directed to append the Complaint (Docket Entry # 1) as an attachment to Docket Entry # 20 which shall be known as the Amended Complaint.  The Clerk of Court is also directed to append the Complaint (Docket Entry # 1) and Amended Complaint (Docket Entry # 20) to Docket Entry # 23 which shall be known as the Second Amended Complaint.  <u>Therefore, the Clerk of Court will create one docket entry to be known as the Second Amended Complaint (which will incorporate Docket Entries # 1, 20, and 23).</u>

The Clerk of Court shall edit the docket to reflect the parties' names as they appear in the caption of this Order.  The Clerk of Court shall edit defendant Young's name and shall add the party defendant Enloe.

The Clerk of Court is directed **to issue the summons for defendant Amy Enloe**, and to forward a copy of this Order, the summons, the Second Amended Complaint with attachments, and the Form USM-285 to the United States Marshal for service of process upon defendant Enloe.  The Clerk of Court may sign the Form USM-285 on behalf of the

plaintiff, if the plaintiff has neglected to do so. *A copy of this Order must be provided to the United States Marshal.*

The U. S. Marshal has already been directed to serve the complaint on the defendants Jean Rutledge, Victoria Bugolun, Wilhelmina Golden, Susan Duffy, Steven Reck, Alice Young, and Deborah Murrell. Thus, the Amended Complaint and the Second Amended Complaint will be served upon the appearance of counsel for those seven defendants in this case. **When counsel for the defendants Jean Rutledge, Victoria Bugolun, Wilhelmina Golden, Susan Duffy, Steven Reck, Alice Young, and Deborah Murrell makes an initial appearance in this case, the Clerk of Court is directed to regenerate and send the Notice of Electronic Filing that was created upon the filing of the Amended Complaint and the Second Amended Complaint to counsel for those defendants. Thus, service of the Amended Complaint and the Second Amended Complaint on the defendants Jean Rutledge, Victoria Bugolun, Wilhelmina Golden, Susan Duffy, Steven Reck, Alice Young, and Deborah Murrell will be accomplished by serving counsel through the ECF system.** If, at the time counsel first appears and the NEF is regenerated, a defendant remains unrepresented, the Clerk of Court shall notify the assigned magistrate judge for issuance of an order directing service by the U. S. Marshal.

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the Second Amended Complaint with attachments **only upon the defendant Amy Enloe**. The United States Marshal's Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)).

If the information provided by the plaintiff on the Forms USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO THE DEFENDANTS**:

The defendants are directed to file an answer to the Second Amended Complaint with attachments or otherwise plead. The defendants and their attorneys are, hereby, notified that all dispositive motions from the defendants must be filed no later than forty-five (45) days after the answer on behalf of that particular defendant has been filed. Hence, with respect to the filing of dispositive motions by the defendants, this Order is also a scheduling order. *Forstmann v. Culp*, 114 F.R.D. 83 (M.D.N.C. 1987).

**TO THE PLAINTIFF**:

The plaintiff **must** provide, and is responsible for, information sufficient to identify the defendants on the Forms USM-285. The United States Marshal cannot serve a defendant that is not properly identified, and defendants that are not served may be dismissed as parties to this case.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this Court is effected by the Court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to the defendants' attorney making an appearance in this Court, the plaintiff must serve the defendants with any documents the plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

IT IS SO ORDERED.

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

June 17, 2010
Greenville, South Carolina