N THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Antwan Robinson, #200075<br>*a/k/a Markei Antwan Robinson,*<br>*a/k/a Antiwan Robinson*,<br><br>       Plaintiff,<br><br>vs.<br><br>Ms. Jean Rutledge, HCA; Ms. Victoria Bugolun, LPN; Ms. Wilhelmina Golden, LT; Ms. Susan Duffy, CAPT; Mr. Steven Reck, FSC; Ms. Kirk, FSD; Mr. Vernon Miller, CAPT; LT. Tamara Conwell; Nurse Allison "Alice" Young, LPN; Mr. Olson, FSD; Nurse Deborah Murrell, LPN; and Ms. Amy Enloe, Nurse Practitioner,<br><br>       Defendants. | Civil Action No.: 8:10-1023-DCN-BHH<br><br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  The pro se Plaintiff filed this prisoner civil rights action on April 26, 2010. Before the court is the Plaintiff's Motions for Injunctive Reliefs (Dkt. # 40 and 42).

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

  In his first motion for injunctive relief (Dkt. # 40), the Plaintiff seeks an order for a mental health evaluation and requiring that he be given legal supplies and be allowed to receive law books every other day. Finally, the Plaintiff asks that there be a "caution/separation" order between him and two of the Defendants. *Id.* at 2. In his second motion for injunctive relief, the Plaintiff seeks an order requiring that he be given access to law books at least three times a week and other certain specific legal materials. (Dkt. # 42 - Mot. at 1.) The Plaintiff also wants to review his mental health records and meet with a medical supervisor to discuss his mental health complaints. *Id*. at 1-2.

To obtain a preliminary injunction, the Plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.,* ---U.S. ----, ----, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003).

On the other hand, mandatory preliminary injunctions compel action. "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards,* 635 F.2d 283, 286 (4th Cir.1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind. *Id*. at 526.

The Plaintiff falls short of satisfying the requirements for a temporary injunction. Construing the Plaintiff's motions liberally, the court finds that the Plaintiff is unable to make a clear showing that he would likely succeed on the merits of his claims at trial. Moreover, none of the claims asserted by the Plaintiff show that the Plaintiff will suffer irreparable harm in the absence of injunctive relief. The Plaintiff's motions for injunctive relief fails to meet the first two requirements of the four-part *Winter* test; therefore, no further analysis under that test is necessary. The Plaintiff also fails to present any circumstances showing that the exigencies of his situation demand mandatory preliminary injunctive relief. Accordingly, the Plaintiff's motions for injunctive relief should be denied.

Based on the foregoing, it is recommended that the Plaintiff's motions for injunctive reliefs (Dkt. # 40 and 42) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 16, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**